PROVIDENCE COAL CO. *vs.* COXE BROS. & CO.

Written contract dated July 2, 1892, as follows :

" Sold P. C. Co., to be shipped to Providence R. I., 10,000 Tons Beaver Meadow Pea Coal a $1.85 per ton f. o. b. Cash 30 days. Not insured. To be shipped viz. : Barge load immediately. Balance in equal monthly proportions before Feb'y 1st, 1893, subject however to strikes or any other unavoidable delay cause in shipping same."

*Held,* that the contract was not severable, the provisions relative to payment and shipments not having the effect to split it into as many distinct contracts as there were to be separate shipments or deliveries.

*Held,* further, that the neglect or refusal of the purchaser to take the shipments of coal for July and the four following months warranted the seller in rescinding the contract.

DEFENDANTS' petition for a new trial.

*February* 27, 1896. MATTESON, C. J. This is *assumpsit* on a written contract, of which the following is a copy :

" PROVIDENCE July 2nd, 1892.

Sold Providence Coal Co. to be shipped to Providence, R. I., 10,000 Tons Beaver Meadow Pea Coal a $1.85 per ton f. o. b. Cash 30 days. Not insured. To be shipped viz : Barge Load immediately. Balance in equal monthly proportions before Feby 1st 1893, subject however to strikes or any other unavoidable delay cause in shipping same.

COXE BROS. & Co.

per F. J. Hartshorn."

A jury trial was waived and the case heard by the Common Pleas Division. Decision in favor of the plaintiffs was given for a part of their claim, whereupon the defendants filed their petition for a new trial alleging that the decision was erroneous.

We think the Common Pleas Division erred in holding the contract to be severable. It is a single contract for the sale

of one entire quantity of coal, to wit, 10,000 tons.  The sub-sidiary provision relative to shipments and payment did not have the effect to split it into as many distinct contracts as there were to be separate shipments or deliveries.  *Norring-ton* v. *Wright*, 115 U. S. 188, 204 ; *Mersey Steel & Iron Co.* v. *Naylor*, L. R. 9 App. Cases, 434.

The Common Pleas Division found on the evidence that the plaintiffs, though constantly urged by the defendants to furnish barges for the transportation of the coal, according to the custom and course of dealing between them, or to allow the defendants to procure barges for that purpose for the plaintiffs, did not do so, and did not take the coal which was by the terms of the contract to be shipped in the months of July, August, September, October and November, but received only 572.2 tons out of the proportions for those months, shipped with an installment of coal purchased under a former contract.   We think that each neglect of the plain-tiffs to take the shipments of coal for the months mentioned was a breach of the contract which warranted the defendants in cancelling it, in the absence of facts tending to show a waiver of the right of the defendants to insist upon such breaches or some legal justification on the part of the de-fendants for such breaches.   *King Philip Mill* v. *Slater*, 12 R. I. 82, 90.

The declaration which consists of a single count, avers no facts showing or tending to show a waiver by the defendants of their right to insist on the cancellation of the contract for the failure of the plaintiffs to take the proportions of coal stated, nor any legal excuse for the failure, but avers a readiness and willingness at all times of the plaintiffs to receive and pay for the coal according to the contract.   This affirmation of the declaration being negatived by the evi-dence, and the plaintiffs themselves having been in default, it is clear that they were not entitled to recover damages for the refusal of the defendants to ship the proportions of coal for the months of December and January.   We think the Common Pleas Division erred in its decision awarding such damages.

New trial granted and case remitted to the Common Pleas Division.

*James Tillinghast & Theodore F. Tillinghast*, for plaintiffs.

*James M. Ripley & John Henshaw*, for defendants.